UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Wanda Miller, as administrator of the estate and on behalf of the wrongful death beneficiaries of Gale Cleo Jeffers, deceased,** <br><br> Plaintiff, <br><br> v. <br><br> **The Waters of Smyrna, LLC d/b/a The Waters of Smyrna,** <br><br> Defendant. | **Case No.** <br><br> **JURY DEMAND** |

## COMPLAINT

Plaintiff Wanda Miller, as administrator of the estate and on behalf of the wrongful death beneficiaries of Gale Cleo Jeffers, deceased, brings this cause of action against defendant The Waters of Smyrna, LLC d/b/a The Waters of Smyrna, as follows:

### PARTIES

1. Plaintiff is the administrator of the estate of Gale Cleo Jeffers and has standing to bring this action.

2. Defendant The Waters of Smyrna, LLC is, and at all times mentioned herein was, a Tennessee limited liability company doing business in Rutherford

1

County, Tennessee, operating and/or managing The Waters of Smyrna at 202 Enon Springs Rd E, Smyrna TN 37167-3011. Defendant can be served with process through its registered agent, C T Corporation System, at 300 Montvue Rd, Knoxville TN 37919-5510.

## JURISDICTION AND VENUE

3. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different States. Specifically, Plaintiff is a citizen of Tennessee and Defendant has three members that, upon information and belief,[1] are not citizens of Tennessee.[2] Accordingly, this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 123 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

5. Plaintiff gave notice to Defendant of a potential claim at least 60 days in advance of filing this complaint in conformity with the provisions of T.C.A. § 29-26-121,

---

[1] "A party suing an LLC may not have all the information it needs to plead the LLC's citizenship," and therefore "pleading on information and belief is acceptable at the pleading stage." Committee Notes on Rules—2022 Amendment, FRCP 7.1.

[2] Limited partnerships and limited liability companies are unincorporated entities that have the citizenship of each partner or member. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

2

Case 3:23-cv-01268   Document 1   Filed 12/04/23   Page 2 of 9 PageID #: 2

as evidenced by the *Affidavit of Service with Certificate of Mailing* attached hereto as Exhibit A.

6. In the event Defendant believes that Gale Cleo Jeffers or someone on her behalf has entered into an agreement to arbitrate any issues between them, then pursuant to 9 USCS § 4 Plaintiff demands a trial by jury to resolve all fact issues of whatever nature related to Defendant's claims that a binding arbitration agreement was entered into that would require the submission of the claims raised in this complaint to an arbitrator.

## DEFINITIONS

7. Whenever it is alleged that Defendant did any act or failed to do any act, it is meant that the officers, employees, or agents of Defendant performed, participated in or failed to perform or participate in such acts or things while in the course and scope of their employment or agency relationship with Defendant.

## FACTS

8. Upon information and belief, Gale Cleo Jeffers was a resident of The Waters of Smyrna from approximately December 26, 2017, until approximately May 16, 2023.

9. The Waters of Smyrna represented itself to Ms. Jeffers and her family as being capable of providing high quality, compassionate long-term care.

10. Ms. Jeffers was at risk for complications from her gastrostomy tube. Defendant was aware of this condition, or reasonably should have been aware, and was required to meet her needs or discharge her to an appropriate facility where her needs could be met.

11. Defendant failed to develop and implement an effective plan for the prevention and timely treatment of complications from her gastrostomy tube.

12. Ms. Jeffers was at risk for infections. Defendant was aware of this condition, or reasonably should have been aware, and was required to meet her needs or discharge her to an appropriate facility where her needs could be met.

13. Defendant failed to develop and implement an effective plan for the prevention and timely treatment of infections.

14. Defendant failed to implement a system to ensure that Ms. Jeffers was properly monitored and protected from acts of abuse and neglect.

15. On or about August 14, 2022, Ms. Jeffers was taken to the hospital due to complications from her gastrostomy tube, and she went on to suffer injuries and harm, which include but are not limited to, the following:

(a) Malnutrition;

(b) Infections;

(c) Delays in care;

(d) Abuse and neglect;

(e) Severe pain; and

(f) Death.

16. The foregoing injuries are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Ms. Jeffers's health deteriorated, she required medical treatment, she suffered significant pain, and she died.

## COUNT I – NEGLIGENCE PURSUANT TO THE TENNESSEE MEDICAL MALPRACTICE ACT, TENN. CODE ANN. §29-26-115, ET SEQ.

17. Defendant owed a duty to its residents, including Ms. Jeffers, to render care, services and treatment as a reasonably prudent and similarly situated nursing home would render, including but not limited to, rendering care and services in a safe and beneficial manner.

18. Defendant owed a duty to assist its residents, including Ms. Jeffers, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

19. Defendant failed to meet that standard of care and violated its duty of care in its treatment of Ms. Jeffers through mistreatment, abuse and neglect. The medical negligence of Defendant includes, but is not limited to, the following acts and omissions:

(a) Failure to provide and ensure adequate nursing care plans, including necessary revisions, based upon the needs of Ms. Jeffers;

(b) Failure to implement and ensure that an adequate nursing care plan for Ms. Jeffers was followed by nursing personnel;

(c) Failure to provide timely medical intervention to Ms. Jeffers;

(d) Failure to provide nursing personnel sufficient in number to ensure that Ms. Jeffers attained and maintained the highest level of physical, mental, and psychosocial well-being;

(e) Failure to provide care and treatment to Ms. Jeffers in accordance with her physicians' orders;

(f) Failure to properly and timely notify Ms. Jeffers's attending physician of significant changes in Ms. Jeffers's physical condition;

(g) Failure to adequately and appropriately monitor Ms. Jeffers and recognize significant changes in her health status;

(h) Failure to provide treatment for persistent, unresolved problems relating to the care and physical condition of Ms. Jeffers, resulting in unnecessary pain, agony and suffering;

(i) Failure to provide timely and adequate nursing intervention to alleviate pain and suffering endured by Ms. Jeffers;

(j) Failure to transfer Ms. Jeffers to a hospital when she developed symptoms, conditions and illnesses beyond the treatment capabilities of the facility;

(k) Failure to maintain medical records on Ms. Jeffers that are complete, accurately documented, readily accessible, and systematically organized with respect to the diagnosis of Ms. Jeffers, the treatment of Ms. Jeffers, and the assessment and establishment of appropriate care plans for Ms. Jeffers.

20. A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed above. Each of the foregoing acts of negligence on the part of Defendant was a proximate cause of Ms. Jeffers's injuries and death. Ms. Jeffers's injuries were all foreseeable to Defendant.

21. Defendant's conduct in breaching the duties it owed to Ms. Jeffers was negligent, grossly negligent, willful, wanton, malicious, reckless and/or intentional.

22. The injuries herein described are a direct and proximate result of the acts or omissions as set forth above, singularly or in combination.

23. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any further relief to which she is entitled by law.

## COUNT II – GROSS NEGLIGENCE, WILLFUL, WANTON, RECKLESS, MALICIOUS AND/OR INTENTIONAL MISCONDUCT

24. The longevity, scope and severity of Defendant's failures and actions and its consciously indifferent actions with regard to the welfare and safety of helpless residents, such as Ms. Jeffers, constitutes gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct as such terms are understood in law.

25. Such conduct was undertaken by Defendant without regard to the health and safety consequences to those residents, such as Ms. Jeffers, entrusted to its care. Moreover, such conduct evinces such little regard for its duties of care, good faith, and fidelity owed to Ms. Jeffers as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Ms. Jeffers's rights and welfare.

26. As a direct and proximate result of the grossly negligent, willful, wanton, reckless, malicious and/or intentional misconduct of Defendant, Ms. Jeffers suffered injuries, resulting treatment, severe pain and death.

27. Plaintiff seeks compensatory and punitive damages in an amount to be determined by a jury, plus costs, and other relief to which she is entitled by law.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant as follows:

A. For damages to be determined by the jury in an amount adequate to compensate Plaintiff for all injuries and damages sustained;

B. For all general and special damages caused by the alleged conduct of Defendant;

C. For punitive damages sufficient to punish Defendant for its egregious conduct and to deter Defendant and others from repeating such atrocities;

D. For the costs of litigating this case;

E. For a jury to hear this case; and

F.  For all other relief to which Plaintiff is entitled under Tennessee law.

Respectfully submitted,

**THE HIGGINS FIRM, PLLC**

**/s/ Benjamin J. Miller**
**BENJAMIN J. MILLER (#25575)**
**HANNAH N. GARRETT (#37800)**
525 4th Ave S
Nashville, TN 37210-2017
(615) 353-0930
ben@higginsfirm.com
hannah@higginsfirm.com

*Counsel for Plaintiff*